# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50464
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY HAYES ESTES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-39

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terry Hayes Estes, now federal prisoner # 35537-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Estes is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a).  *Id.*  If he is eligible, then the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.  We review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court found Estes eligible for the reduction under Amendment 782 but declined to exercise its discretion to reduce his sentence, determining that relief was unwarranted based on the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.  Estes argues that he was automatically entitled to the sentencing reduction upon a finding that he was eligible, particularly as the Government had no objection.  He urges that the district court was biased, exceeded its authority, and acted illegally in denying his § 3582(c)(2) motion, conclusionally asserting that the reasons offered by the district court for its denial were false and irrelevant.

The record reflects that the district court considered Estes's motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors.  Estes thus cannot show an abuse of discretion on the district court's part.  *See Henderson*, 636 F.3d at 717; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Estes's conclusional assertion that he was automatically entitled to a sentencing reduction is patently incorrect.  *See*

No. 15-50464

*Dillon*, 560 U.S. at 826; *see also United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). His allegation of bias, which is based on the fact that his motion was denied, is unpersuasive. *See Liteky v. United States,* 510 U.S. 540, 555 (1994).

Estes has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.